IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES LITTLETON,**
**In His Official Capacity as Leflore County**
**and Youth Court Judge**                                                             **PLAINTIFF**

v.                                **CIVIL ACTION NO.: 4:25-cv-186-JDM-JMV**

**LEFLORE COUNTY, MISSISSIPPI**
**By and Through the Leflore County**
**Board of Supervisors, et. al.**                                                  **DEFENDANTS**

*And*

**JAMES LITTLETON,**
**In His Official Capacity as Leflore County**
**and Youth Court Judge and on behalf of I.T.,**
**a minor, under the Jurisdiction of the Leflore County**
**Youth Court**                                               **PLAINTIFF**

v.                               **CIVIL ACTION NO.: 4:25-cv-187-SA-JMV**

**LEFLORE COUNTY, MISSISSIPPI**
**By and Through the Leflore County**
**Board of Supervisors, et. al**                                                **DEFENDANTS**

## ORDER GRANTING MOTION TO CONSOLIDATE CASES

This matter is before the Court on the Motion to Consolidate filed by Defendant Leflore County, Mississippi seeking to consolidate, *Littleton v. Leflore County, Mississippi.* 4:25-cv-186-JDM-JMV, with *Littleton v. Leflore County, Mississippi,* 4:25-cv-187-SA-JMV.[1]

Background and Procedural History

On November 11, 2025, Plaintiff James Littleton filed two actions against Defendants

---

[1] Local Rule 42 provides that the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Case No. 4:25-cv-186-JDM-JMV bears the lower docket number in this action.

1

Leflore County, Mississippi, Robert Collins, Eric Mitchell, Anjuan Brown, Sam Abraham, Reginald Moore, Cynthia Stanciel and Debra Hibbler, paying the filing fee for each complaint. Both cases made largely identical 42 U.S.C. § 1983 claims, alleging that the Leflore County Board of Supervisors had deprived minors of civil rights under federal law when it violated state law.

On November 20, 2025, the Court entered a show cause order in the 187 Case directing Plaintiff to show cause why the undersigned should not recommend dismissal for lack of subject matter jurisdiction. [4:25-cv-187-SA-JMV – Doc. 5]. In response, Plaintiff amended his 187 case, and is now suing in his official capacity, as well as on behalf of a minor, under this Court's jurisdiction. [Doc. 6]. The 187 amended complaint dismissed Cynthia Stanciel and Debra Hibbler as Defendants, and raised new 14th and 6th Amendment claims against the remaining Defendants. At the same time, Plaintiff also filed a Motion for Emergency Hearing in both cases. [4:25-cv-186-JDM-JMV – Doc. 5, 4:25-cv-187-SA-JMV – Doc. 7]. Both emergency motions remain active.

On December 11, 2025, Defendants answered the complaint in the 186 Case. [4:25-cv-186-JDM-JMV - Doc. 8]. No answer has been filed in the 187 case. On December 23, 2025, Defendants filed motion in each case seeking to consolidate the two cases. [4:25-cv-186-JDM-JMV – Doc. 10, 4:25-cv-187-SA-JMV – Doc. 11]. Plaintiff has not responded to either motion to consolidate. On January 20, 2026, a Motion to Dismiss was filed in the 187 Case. [4:25-cv-187-SA-JMV – Doc. 11].

Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions before it which involve common questions of law or fact. In the Fifth Circuit, "district judges have been 'urged to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion,'" even where consolidation is opposed by the parties. *In re Air Crash*

2

*Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Courts consider eight factors in determining whether consolidation is appropriate: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *Kodaco Co. v. Valley Tool, Inc.*, No. 3:23-cv-211-GHD-JMV, 2023 U.S. Dist. LEXIS 204747, at *3-4 (N.D. Miss. Nov. 13, 2023). It appears that all factors favor consolidation in this matter.

    Both cases are pending before the same court. James Littleton is the Plaintiff in both cases although he also seeks to proceed on behalf of a minor, I.T., in the 187 Case. Defendants are largely shared between both cases with the only difference emerging when Plaintiff dismissed Stanciel and Hibbler from his amended 187 complaint. Both cases share common issues of law and fact, as each complaint is centered on the Board of Supervisors' alleged failure to approve Littleton's appointed intake officer, budget requests, and other employment-related issues, which in both cases Plaintiff alleges led to the civil rights of minors being violated.

    There does not appear to be a risk of confusion if the cases are consolidated.. Each case has an active motion for emergency hearing, a case management conference has not been conducted in either case, and discovery has not commenced in either case. An answer has been filed in 186 but not 187, while a motion to dismiss has been filed in 187 but not 186. It appears

3

that consolidation will conserve judicial resources by allowing common matters to be addressed simultaneously. It does not appear that consolidation would grant an unfair advantage to any party, as both cases are in essentially the same posture.. It does appear that consolidation will reduce the time and cost for all parties in resolving this matter, as parties will not have to address common questions and issues twice.

The Court, having considered the applicable law, finds that in light of the relatedness of the cases, both cases should be consolidated in all respects, with case number 4:25-cv-186-JDM-JMV being the lead case and the style read as above captioned.

THEREFORE, IT IS ORDERED that the Motions to Consolidate [4:25-cv-186-JDM-JMV – Doc. 10, 4:25-cv-187-SA-JMV – Doc. 11] are hereby GRANTED and these cases are hereby consolidated for all purposes, including trial. The parties are instructed to file future pleadings in only the lead case - 4:25-cv-186-JDM-JMV.

**SO ORDERED** this the 11th day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**