**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JAMES LITTLETON,**
**In His Official Capacity as Leflore County**
**and Youth Court Judge**                                                                              **PLAINTIFF**

**v.**                                 **CAUSE NO.: 4:25-cv-186-JDM-JMV**

**LEFLORE COUNTY, MISSISSIPPI**
**By and Through the Leflore County**
**Board of Supervisors, et. al.**                                                     **DEFENDANTS**

*Consolidated with*

**JAMES LITTLETON,**
**In His Official Capacity as Leflore County**
**and Youth Court Judge and on behalf of I.T.,**
**a minor, under the Jurisdiction of the Leflore County**
**Youth Court**                                                            **PLAINTIFF**

**v.**                                 **CAUSE NO.: 4:25-cv-187-JDM-JMV**

**LEFLORE COUNTY, MISSISSIPPI**
**By and Through the Leflore County**
**Board of Supervisors, et. al**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Fundamental to any federal civil complaint is the plaintiff's standing to sue. "The Art. III judicial power exists only to redress or otherwise to protect against injury *to the complaining party*, even though the court's judgment may benefit others collaterally."[1] Thus, "[a] federal court's jurisdiction . . . can be invoked only when the *plaintiff himself* has suffered 'some threatened or actual injury resulting from the putatively illegal action.'"[2]

---

[1] *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) (emphasis added).

[2] *Id.* (emphasis added) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

In this consolidated case, the complaining party—Leflore County and Youth Court Judge James Littleton, in his official capacity—is not the alleged injured party. Instead, Judge Littleton asserts the violation of *others'* federal rights. He claims the Leflore County Board of Supervisors' refusal to hire an intake officer for the Leflore County Youth Court violates the Sixth and Fourteenth Amendment rights of "citizens and minors" of Leflore County—particularly, I.T., a minor allegedly housed in the Leflore County juvenile detention center.

But no matter how frustrated Judge Littleton may be with Leflore County on behalf of juveniles in detention, such frustration does not confer standing on him to bring this action in federal court. The Sixth Amendment right to a speedy trial is "personal in nature and cannot be asserted vicariously."[3] And for Judge Littleton to have third-party standing to bring a Fourteenth Amendment claim he must have suffered an "injury in fact" plus be in "a close relation to [I.T.]" —neither of which are the case here.[4]

Because Judge Littleton lacks standing to bring the claims raised in either action filed in this Court, and because Judge Littleton has state-law remedies to redress grievances with the Leflore County Board of Supervisors, the Defendants' Motion to Dismiss filed in Cause Number 4:25-cv-187-JDM-JMV [187-13] is **GRANTED**. Both cases—4:25-cv-186-JDM-JMV and 4:45-cv-187-JDM-JMV—are **DISMISSED without prejudice**.

## Procedural History

For unclear reasons, on November 6, 2025, Judge Littleton filed in this Court two separate but nearly identical actions—Cause Number 4:25-cv-186-JDM-JMV and Cause Number 4:25-cv-187-JDM-JMV. He filed both "in his official capacity as Leflore County and Youth Court judge."

---

[3] *United States v. Fortna*, 796 F.2d 724, 732 (5th Cir. 1986).

[4] *Powers v. Ohio*, 499 U.S. 400, 410-11, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991).

He named the same defendants—Leflore County, by and through the Leflore County Board of Supervisors; individual supervisors Robert Collins, Eric Mitchell, Anjuan Brown, Sam Abraham, and Reginald Moore; County Administrator Cynthia Sanciel; and Chancery Clerk Debra Hibbler (collectively, Leflore County). And he invoked 42 U.S.C. § 1983 as the basis for this Court's federal-question jurisdiction over both complaints.

Only his "statement of claim" differed from his first and second action. In his first-filed complaint, Judge Littleton alleged "[t]he Leflore County Board of Supervisors has exceeded and or exercised authority that it does not have under state law resulting in the deprivation of civil rights of minors under federal law." [186-1] But in his second action, he asserted that "[t]he Lefore County Board of Supervisors refused to follow a court order and state law resulting in the violation of civil rights of citizens and minors who are denied access to court depriving them of their liberty as they can only remain in temporary custody 21 days before Adjudication." [187-1]

In the second-filed cause of action, the magistrate judge immediately ordered Judge Littleton to show cause why that case should not be dismissed for lack of subject-matter jurisdiction based on Judge Littleton's lack of standing to bring his claims. [187-5] The show-cause order gave him fourteen days to file an amended complaint demonstrating he had the requisite standing. [187-5]

Two weeks later, Judge Littleton filed an amended complaint in the second-filed action, this time not only "in his official capacity as Leflore County & Youth Court Judge" but also "on behalf of I.T., a minor, under the jurisdiction of the Lefore County Youth Court."[5] [187-6] The amended complaint alleged that I.T. "remains in detention and cannot be afforded a speedy trial

---

[5] The Amended Complaint also dropped Cynthia Stanciel and Debra Hibbler as defendants.

3

due to the actions of the Leflore County Board of Supervisors, who refuse to follow state law by approving the hiring of an Intake Unit, who is responsible for ensuring that all minors, particularly, I.T., receives a speedy trial." [187-6]

The amended complaint also asserted the Board deprived "All Plaintiff's" [sic] of equal protection and discriminated against the Youth Court. It also claimed Judge Littleton's Fourteenth Amendment rights were violated when the Board took away youth court funding and authority without due process of law. [187-6]

The same day he amended his complaint in the second-filed action, Judge Littleton filed a Motion for Emergency Hearing in each case. [186-5] , [187-7].

Leflore County then moved to consolidate the two cases [186-10], [187-11], which this later Court granted. [186-12], [187-17] While the motion to consolidate was pending, Leflore County filed a Motion to Dismiss and for Imposition of Sanctions. [187-13] Leflore County argues Judge Littleton lacks standing to bring his claims. *See* Fed. R. Civ. P. 12(b)(1). And because Judge Littleton, instead of conceding his lack of standing, doubled down with a frivolous amended complaint, Leflore County asks this Court to impose sanctions.

**Lack of Standing**

While this Court declines the County's request to declare the amended complaint frivolous and impose sanctions, this Court does agree that Judge Littleton's lack of standing prevents this Court from exercising jurisdiction over *either* complaint.

At the onset, this Court acknowledges that Leflore County's motion to dismiss was filed only in Cause Number 4:25-cv-187-JDM-JMV. But it was filed after Leflore County requested the two cases be consolidated because they were essentially the same. Further, while the Show Cause order was aimed at the complaint in Cause Number 4:25-cv-187-JDM-JMV, it should have

put Judge Littleton on notice that his almost identical complaint in Cause Number 4:25-cv-186-JDM-JMV suffered from the same jurisdictional defect as it solely brought a claim for the "deprivation of civil rights of minors." [186-1] Simply put, now that this case is consolidated, this Court cannot ignore its clear lack of jurisdiction over *both* complaints based on Judge Littleton's lack of standing.

"[S]tanding imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Warth*, 422 U.S. at 498 (citing U.S. Const. Art. III, § 2, cl. 1). "This is the threshold question in every federal case, determining the power of the court to entertain the suit." *Id.* "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498-99 (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L. Ed. 2d 663 (1962)). At its core, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* at 498.

In this case, Judge Littleton asserts there is a controversy between him and Leflore County—namely, his disagreement over its decisions related to funding and staffing an Intake Unit for the Youth Court. But the *injury* he alleges is not to him. Rather, the injury is to "citizens and minors" of Leflore County and in particular I.T., a minor allegedly in juvenile detention. Judge Littleton asserts Leflore County's actions and inactions have led to the violation of *I.T.'s* and *others'* Sixth Amendment right to a speedy trial and Fourteenth Amendment right to equal protection.

Ordinarily, a litigant like Judge Littleton "must assert his . . . own legal rights and interests[] and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers*, 499 U.S.

5

at 410. This is especially so for a Sixth Amendment claim, which is "personal in nature and cannot be asserted vicariously." *Fortna*, 796 F.2d at 732. And in order to bring a Fourteenth Amendment equal protection claim on behalf of a third party, a litigant must satisfy "three important criteria." *Powers*, 499 U.S. at 411. First, "[t]he litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute[.]" *Id.* (quoting *Singleton v. Wulff*, 428 U.S. 106, 112, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976)). Second, "the litigant must have a close relation to the third party[.]" *Id.* And, third, "there must exist some hindrance to the third party's ability to protect his or her own interests." *Id.*

Here, Judge Littleton does not assert he has suffered an injury in fact. Instead, in his response to the motion to dismiss, he comes out the gate conceding he "has asserted a violation of federal laws violated by Leflore County which violate the 6th Amendment rights *of minors within Leflore County, Mississippi, and particularly I.T. and others* whose rights have been violated."[6] (Emphasis added.) [187-15] But Judge Littleton clearly lacks standing to do so.

In his amended complaint, in response to the order to show cause, Judge Littleton did attempt to add a claim that the Board violated *his* Fourteenth Amendment rights. But his allegations are so conclusory and baseless that he fails to state a plausible claim on his own behalf. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). Judge Littleton does not articulate how he, an elected state court judge, has a vested personal property interest in public funding—a required element of a due

---

[6] Further, while Judge Littleton singles out I.T., he does not allege he has a "close relationship" with the minor—another important criterion for third-party standing. *Powers*, 499 U.S. at 411.

6

process claim. *James v. Cleveland Sch. Dist.*, 45 F.4th 860, 864 (5th Cir. 2022) ("Without a cognizable interest in liberty or property, 'there is nothing subject to Due Process protections and our inquiry ends.'" (quoting *Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 225 (5th Cir. 2008))). And his only support for his equal protection claim is his assertion that the Board routinely denies his requests. *But see Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603, 128 S. Ct. 2146, 2154, 170 L. Ed. 2d 975 (2008) (acknowledging that there are "some forms of state action . . . [that] by their nature involve discretionary decisionmaking" so that "treating like individuals differently is an accepted consequence of the discretion granted" and that any "challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise"). Because Judge Littleton has not brought a plausible claim for which he has standing, his amended complaint is not responsive to the Show Cause Order to show why he has standing and thus does not cure this Court's lack of subject matter jurisdiction.

Dismissing Judge Littleton's federal causes of actions hardly leaves him without recourse. Mississippi law provides a mechanism for those aggrieved by a county board decision to appeal. Miss. Code Ann. § 11-51-75. It also provides mandamus remedies. Miss. Code Ann. § 11-41-1. Moreover, Littleton's original complaint and response to the motion to dismiss suggest he has already taken action in Leflore County Court in his role as County Judge. In the end, this appears to be a local governance dispute, not a federal claim that triggers Court's jurisdiction.

## Conclusion

For the above reasons, Leflore County's Motion to Dismiss and for Imposition of Sanctions [186-13] is **GRANTED in part** and **DENIED in part**. The motion to dismiss for lack of standing is **GRANTED**. Both Cause Number 4:25-cv-186-JDM-JMV and Cause Number 4:25-cv-187-

JDM-JMV are **DISMISSED without prejudice**. But the motion for imposition of sanctions is **DENIED**. The Motion for Emergency Hearing filed in Cause Number 4:25-cv-186-JDM-JMV [186-5] and the Motion for Emergency Hearing filed in Cause Number 4:25-cv-187-JDM-JMV [187-7] are both **DISMISSED**.

A Final Judgment will issue this day. This **CONSOLIDATED CASE** is **CLOSED**.

SO ORDERED, this the 9th day of March, 2026.

                                                /s/ James D. Maxwell II
                                                UNITED STATES DISTRICT JUDGE
                                                NORTHERN DISTRICT OF MISSISSIPPI